JUDGE FRANK MONTALVO

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## EL PASO DIVISION

|  |  |  |
|---|---|---|
| **BRANDON CALLIER,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | **EP22CV0122** |
| **DDT WEALTH, LLC,** a Florida Limited | § | |
| Liability Company | § | |
| | § | |
| **Defendants.** | § | |
| | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

### PARTIES

1.      The Plaintiff is BRANDON CALLIER ("Plaintiff") a natural person, resident of the

Western District of Texas, and was present in Texas for all calls, in this case in El Paso County,

Texas.

2.      Defendant DDT WEALTH LLC ("DDW") is a Limited Liability Company organized and

existing under the laws of Florida and can be served via registered agent Hakeem D. Singletary

525 Fairwood Ave, apt #290  Clearwater, FL 33759.

### JURISDICTION AND VENUE

3.      Jurisdiction.  This Court has federal-question subject matter jurisdiction over Plaintiff's

TCPA claims pursuant to 28 U.S.C. § 1331 because the TCPA is a federal statute. *Mims v. Arrow*

*Fin. Servs., LLC*, 565 U.S. 368, 372 (2012). This Court has supplemental subject matter

jurisdiction over Plaintiff's claim arising under Texas Business and Commerce Code 305.053

because that claim arises from the same nucleus of operative fact, i.e., Defendants' telemarket in

robocalls to Plaintiff; adds little complexity to the case.

4.      Personal Jurisdiction.  This Court has general personal jurisdiction over the defendants because they have repeatedly placed calls to Texas residents, derive revenue from Texas residents, and they sell goods and services to Texas residents, including the Plaintiff.

5.      Venue.  Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1)-(2) because a substantial part of the events giving rise to the claims—the calls and sale of goods and services directed at Texas residents, including the Plaintiff—occurred in this District and because the Plaintiff resides in this District.  Residing in the Western District of Texas when he received a substantial if not every single call from the Defendants that are the subject matter of this lawsuit.

6.      This Court has venue over the defendants because the calls at issue were sent by or on behalf of the above-named Defendants to the Plaintiff, a Texas resident.

## THE TELEPHONE CONSUMER PROTECTION ACT

## OF 1991, 47 U.S.C. § 227

7.      In 1991, Congress enacted the TCPA to restrict the use of sophisticated telemarketing equipment that could target millions of consumers *en masse*.  Congress found that these calls were not only a nuisance and an invasion of privacy to consumers specifically but were also a threat to interstate commerce generally.  *See* S. Rep. No. 102-178, at 2-3 (1991), as reprinted in 1991 U.S.C.C.A.N. 1968, 1969-71.

8.      The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii).

9.      The TCPA makes it unlawful "to initiate any telephone call to any residential telephone

2

line using an artificial or prerecorded voice to deliver a message without the prior express

consent of the called party, unless the call is initiated for emergency purposes, is made solely

pursuant to the collection of a debt owed to or guaranteed by the United States, or is exempted

by rule or order" of the Federal Communication Commission ("FCC"). 47 U.S.C. §

227(b)(1)(B).

10.     The TCPA provides a private cause of action to persons who receive calls in violation of

§ 227(b). 47 U.S.C. § 227(b)(3).

11.     Separately, the TCPA bans telemarketing calls without a do-not-call policy available

upon demand. 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(d)(1).[1]

12.     The TCPA provides a private cause of action to persons who receive calls in violation of

§ 227(c) or a regulation promulgated thereunder. 47 U.S.C. § 227(c)(5).

13.     According to findings of the FCC, the agency vested by Congress with authority to issue

regulations implementing the TCPA, automated or prerecorded telephone calls are a greater

nuisance and invasion of privacy than live solicitation calls and can be costly and inconvenient.

14.     The FCC also recognizes that "wireless customers are charged for incoming calls whether

they pay in advance or after the minutes are used." *In re Rules and Regulations Implementing

the Tel. Consumer Prot. Act of 1991*, 18 FCC Rcd. 14014, 14115 ¶ 165 (2003).

15.     The FCC requires "prior express written consent" for all autodialed or prerecorded

telemarketing robocalls to wireless numbers and residential lines.  In particular:[A] consumer's

written consent to receive telemarketing robocalls must be signed and be sufficient to show that

the consumer:  (1) received clear and conspicuous disclosure of the consequences of providing

the requested consent, *i.e.*, that the consumer will receive future calls that deliver prerecorded

---

[1] *See* Code of Federal Regulations, Title 47, Parts 40 to 60, at 425 (2017)
(codifying a June 26, 2003 FCC order).

messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates. In addition, the written agreement must be obtained without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.

16.     *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 FCC Rcd. 1830, 1844 ¶ 33 (2012) (footnote and internal quotation marks omitted). FCC regulations "generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." *In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 10 FCC Rcd. 12391, 12397 ¶ 13 (1995).

17.     The FCC confirmed this principle in 2013, when it explained that "a seller … may be held vicariously liable under federal common law principles of agency for violations of either section 227(b) or section 227(c) that are committed by third-party telemarketers." *In the Matter of the Joint Petition Filed by Dish Network, LLC*, 28 FCC Rcd. 6574, 6574 ¶ 1 (2013).

18.     Under the TCPA, a text message is a call. *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 951 – 52 (9th Cir. 2009).

19.     A corporate officer involved in the telemarketing at issue may be personally liable under the TCPA. *E.g.*, *Jackson Five Star Catering, Inc. v. Beason*, Case No. 10-10010, 2013 U.S. Dist. LEXIS 159985, at *10 (E.D. Mich. Nov. 8, 2013) ("[M]any courts have held that corporate actors can be individually liable for violating the TCPA where they had direct, personal participation in or personally authorized the conduct found to have violated the statute." (internal quotation marks omitted)); *Maryland v. Universal Elections*, 787 F. Supp. 2d 408, 415 – 16 (D. Md. 2011) ("If an individual acting on behalf of a corporation could avoid individual liability, the TCPA would lose much of its force.").

4

## FACTUAL ALLEGATIONS

20.     Plaintiff has been on the National Do-Not-Call Registry since December 2007.

21.     Plaintiff received the first phone call from the Defendants on February 8, 2022, from

phone number (915) 366-3788. Plaintiff answered the phone call, there was a delay for 3-4 sec

followed by an audible beep. Plaintiff was then connected to "Paul" who asked questions about

the value of Plaintiff's residence, the amount that Plaintiff would like to sell his home for, and

how soon Plaintiff could move out. Plaintiff was told a follow-up call would come from some

unspecified person "within the next 24 to 48 hours."

22.     On February 9, 2022, Plaintiff received another phone call from an agent named

"Brandon" inquiring about the purchase of his home. Brandon indicated that he was following

up on a call from the previous date. After the call ended, "Brandon" sent Plaintiff an email.

23.     On February 11, 2022, Plaintiff sent a request for Defendants Do-Not-Call policy, "Bryce

Bush" then replied, "I actually don't have an internal do not call policy."

24.     Table below displays calls made to Plaintiff by Defendant:

| **Number** | **Date** | **Time** | **Caller ID** | **Notes** |
|---|---|---|---|---|
| 1. | 02/08/2022 | 3:14 PM | (915) 366-3788 | "Paul" |
| 2. | 02/09/2022 | 1:06 PM | (772) 579-2288 | Phone Call |
| 3. | 02/09/2022 | 1:16 PM | (772) 579-2288 | Text message |
| 4. | 02/09/2022 | 1:29 PM | (772) 579-2288 | Phone Call |

|     | 02/09/2022 | 1:31 PM | (772) 579-2288 | Text message |
| --- | --- | --- | --- | --- |
| 6.  | 02/18/2022 | 4:19 PM | (772) 579-2288 | Missed Call |
| 7.  | 02/18/2022 | 4:20 PM | (772) 579-2288 | Missed Call |
| 8.  | 02/21/2022 | 1:11 PM | (772) 579-2288 | Phone call |

25.     Each and every call was placed while knowingly ignoring the national do-not-call registry. Each and every call was placed without training their agents/employees on the use of an internal do-not-call policy

26.     Plaintiff has limited data storage capacity on his cellular telephone. Incoming telemarketing calls consumed part of this capacity.

27.     No emergency necessitated the calls.

28.     On information and belief, Defendants did not train their agents who engaged in telemarketing on the existence and use of any do-not-call list.

29.     Plaintiff checked the Texas Secretary of State's website on March 1, 2021, and did not find a valid solicitation registration as required by Texas Business and Commerce Code 302.101.

### INJURY, HARM, DAMAGES, and ACTUAL DAMAGES

### AS A RESULT OF THE CALLS

30.     Defendants' calls harmed Plaintiff by causing the very harm that Congress sought to prevent—a "nuisance and invasion of privacy."

31.     Defendants' calls harmed Plaintiff by trespassing upon and interfering with Plaintiff's

6

rights and interests in Plaintiff's cellular telephone.

32.    Defendants' calls harmed the Plaintiff by intruding upon Plaintiff's seclusion.

33.    Plaintiff has been harmed, injured, and damages by the calls including, but not limited to:
reduced device storage, reduced data plan usage, anger, frustration, invasion of privacy, and
more frequent charging of my cell phone.

### The Plaintiff's cell phone is a residential number

34.    The calls were to Plaintiff's cellular phone 915-383-4604 which is Plaintiff's personal
cell phone that he uses for personal, family, and household use. Plaintiff maintains no landline
phones at his residence and has not done so for at least 15 years and primarily relies on cellular
phones to communicate with friends and family. Plaintiff also uses his cell phone for navigation
purposes, sending and receiving emails, timing food when cooking, and sending and receiving
text messages. Plaintiff further has his cell phone registered in his personal name, pays the cell
phone from his personal accounts, and the phone is not primarily used for any business purpose.

### Violations of the Texas Business and Commerce Code 305.053

35.    The actions of Defendant violated the Texas Business and Commerce Code 305.053 by
placing automated calls to a cell phone which violates 47 USC 227(b). The calls by Defendant
violated Texas law by placing calls with a pre-recorded message to a cell phone which violate 47
USC 227(c)(5) and 47 USC 227(d) and 47 USC 227(d)(3) and 47 USC 227(e).

36.    The calls by the Defendants violated Texas law by spoofing the caller IDs per 47 USC
227(e) which in turn violates the Texas statute.

### Violations of the Texas Business and Commerce Code 302.101

37.    The actions of Defendant violated the Texas Business and Commerce Code § 302.101 by
placing solicitation calls to Plaintiff, a Texas resident, without having a valid solicitation

registration certificate and a valid bond.

38.     Under Texas Business and Commerce Code § 302.302 Plaintiff is entitled to seek damages of up to $5000 per violation of § 302.101.

## FIRST CAUSE OF ACTION

### Willful and/or Knowing Violation of 47 U.S.C. § 227
### Telephone Consumer Protection Act of 1991
### (Against all Defendants)

39.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

40.     Defendant and/or their agents placed calls to Plaintiff's cellular telephone.

41.     Plaintiff never consented to receive calls from Defendants. Plaintiff has no relationship with Defendant.

42.     Defendants' calls were made for purposes of advertising and marketing Defendants auto insurance policies. These calls constituted commercial advertising and telemarketing as contemplated by the TCPA.

43.     The calls were made using an ATDS to the cellular phone of Plaintiff in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and (B).

44.     As a result of their unlawful conduct, Defendant repeatedly invaded the personal privacy of Plaintiffs, causing Plaintiff to suffer damages and, under 47 U.S.C. § 227(b)(3)(B), entitling Plaintiff to recover $500 in statutory damages for each violation and an injunction requiring Defendants to stop their unlawful calling campaigns.

45.     Not only did Defendants make these violating calls, Defendants and/or their agents did so "knowingly" and/or "willfully' under 47 U.S.C. § 227 (b)(3)(C).

46.     If the Court finds that Defendant willfully or knowingly violated this subsection, the Court may exercise its discretion to increase the amount of the award from $500 to $1500 per violation under 47 U.S.C. § 227(b)(3)(C).

## SECOND CAUSE OF ACTION

### (Violation of the TCPA "Sales Call/DNC" Prohibition, 47 C.F.R. § 64.1200(C))

### (Against All Defendants)

47.     Plaintiff incorporates the forgoing allegations as if fully set forth herein.

48.     The foregoing acts and omissions of Defendants and/or their affiliates or agents constitute a violation of FCC regulations by making multiple telemarketing solicitations to a consumer on the National Do-Not-Call Registry within a 12-month period in violation of 47 C.F.R. § 64.1200(c)(2).

49.     Defendants called Plaintiff's private residential telephone number which was successfully registered on the National Do-Not-Call Registry more than thirty-one (31) days prior to the calls, in violation of 47 U.S.C § 227(c)(3)(F), and 47 C.F.R. § 64.1200(c)(2).

50.     Plaintiff was statutorily damaged at least eight (8) times under 47 U.S.C. § 227(c)(3)(F) by the Defendants by the telephone calls described above, in the amount of $500 per call.

51.     Plaintiff is entitled to an award of at least $500 in damages for each such violation.

            47 U.S.C. § 227(c)(5)(B).

52.     Plaintiff is entitled to an award up to $1,500 in damages for each knowing or willful violation of 47 U.S.C. § 227(c)(3)(F).

## THIRD CAUSE OF ACTION

### Telemarketing Without Mandated Safeguards, 47 C.F.R. § 64.1200(d)

**(Against All Defendants)**

53.    Plaintiff incorporates the forgoing allegations as if fully set forth herein.

54.    The foregoing acts and omissions of Defendants and/or their affiliates or agents constitute multiple violations of FCC regulations by making telemarketing solicitations despite lacking:

> a.   written policy, available upon demand, for maintaining a do-not-call list, in violation of 47 C.F.R. § 64.1200(d)(1)[2];
>
> b.   training for the individuals involved in the telemarketing on the existence of and use of a do-not-call list, in violation of 47 C.F.R. § 64.1200(d)(2)[3]; and,
>
> c.   in the solicitations, the name of the individual caller and the name of the person or entity on whose behalf the call is being made, in violation of 47 C.F.R. § 64.1200(d)(4).[4]

55.    Plaintiff is entitled to an award of at least $500 in damages for each such violation. 47 U.S.C. § 227(c)(5)(B).

56.    Plaintiff is entitled to an award of up to $1,500 in damages for each such knowing or willful violation. 47 U.S.C. § 227(c)(5).

## FOURTH CAUSE OF ACTION
**Violations of The Texas Business and Commerce Code 305.053**

57.    Plaintiff incorporates the foregoing allegations as if set forth herein.

---

[2] *See id.* at 425 (codifying a June 26, 2003 FCC order).

[3] *See id.* at 425 (codifying a June 26, 2003 FCC order).

[4] *See id.* at 425 (codifying a June 26, 2003 FCC order

58.     The foregoing acts and omissions of Defendants and/or their affiliates or agents constitute

multiple violations of the **Texas Business and Commerce Code 305.053**, by making non-

emergency telemarketing robocalls to Mr. Callier cellular telephone number without his prior

express written consent in violation of 47 USC 227 et seq. The Defendants violated 47 USC

227(d) and 47 USC 227(d)(3) and 47 USC 227(e) by using an ATDS that does not comply with

the technical and procedural standards under this subsection.

59.     Plaintiff is entitled to an award of at least $500 in damages for each such violation.

**Texas Business and Commerce Code 305.053(b)**

60.     Plaintiff is entitled to an award of up to $1,500 in damages for each such knowing or

willful violation. **Texas Business and Commerce Code 305.053**(c)


## FIFTH CAUSE OF ACTION

### (Violations of The Texas Business and Commerce Code 302.101)

61.     Plaintiff incorporates the foregoing allegations as if set forth herein. by reference each

and every allegation set forth in the preceding paragraphs.

62.     The foregoing acts and omissions of Defendant and/or their affiliates or agents constitute

multiple violations of the **Texas Business and Commerce Code 302.101**, by making non-

registered solicitation calls to Plaintiff's cellular telephone number without his prior express

written consent.

63.     Plaintiff is entitled to an award of up to $5,000 in damages for each such knowing or

willful violation. **Texas Business and Commerce Code 302.302(a)**.

64.     Plaintiff is entitled to recover all reasonable costs of prosecuting the action, including court costs and investigation costs, deposition expenses, witness fees, and attorney's fees. **Texas Business and Commerce Code 302.302(d).**

## I. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Brandon Callier prays for judgment against the defendants jointly and severally as follows:

A.     Leave to amend this Complaint to name additional DOESs as they are identified and to conform to the evidence presented at trial;

B.     A declaration that actions complained of herein by Defendants violate the TCPA and Texas state law;

C.     An injunction enjoining Defendant and their affiliates and agents from engaging in the unlawful conduct set forth herein;

D.     An award of $1500 per call in statutory damages arising from the TCPA intentional violations jointly and severally against the corporation for 8 calls.

E.     An award of $1,500 in statutory damages arising from violations of the Texas Business and Commerce code 305.053

F.     An award of $5,000 in statutory damages arising from violations of the Texas Business and Commerce code 302.101.

G.     An award to Mr. Callier of damages, as allowed by law under the TCPA;

    H.     An award to Mr. Callier of interest, costs and attorneys' fees, as allowed by law

and equity

    I.     Such further relief as the Court deems necessary, just, and proper.

April 8, 2022                     Respectfully submitted,

Brandon Callier
Plaintiff, Pro Se
6336 Franklin Trail
El Paso, TX 79912
915-383-4604